IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT ORTEGA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:04-CV-751-Y |
| | § | |
| FOLEY'S DEPARTMENT STORES, | § | |
| L.P., ET AL. | § | |

<u>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND</u>

Pending before the Court is plaintiff Robert Ortega's Motion
To Remand, filed November 12, 2004.  After careful consideration of
the motion,  response, reply, and applicable authorities, the Court
concludes that Ortega's motion should be GRANTED.


I. RELEVANT BACKGROUND

Ortega was employed by Foley's Department Stores.  (Pl's.
Original Pet. at 1.) On March 30, 2004, plaintiff Robert Ortega filed
suit in state court against The May Department Stores Company d/b/a/
Foley's,[1] a New York corporation with its principal place of business
in Missouri, and Cathy Elsbree, an individual residing in the state
of Texas. Ortega claimed that the defendants violated sections 21.051
and 21.055 of the Texas Labor Code by discriminating and retaliating
against him because his race and national origin (Hispanic). (Pl's.
Original Pet. at 3.)  He sought damages for past and future lost

---

[1]Ortega originally filed his complaint against "Foley's Department Stores,
L.P. and/or the Entity that Employed Robert Ortega from September 1, 1995 though
August 30, 2002."  However, on December 27, 2004, the parties stipulated that
Foley's Department Stores was misnamed as a defendant and that the actual
intended defendant was The May Department Stores Company d/b/a Foley's.

wages, loss of earning capacity, lost benefits, inconvenience, mental anguish, mental pain and suffering and loss of enjoyment of life. (Pl's. Original Pet. at 4.)  In addition, the plaintiff sought damages for loss of self-esteem, loss of past and present career advancement, punitive damages, and attorney's fees.  (*Id.* at 4-5.)

On September 8,[2] Ortega served his answers to the defendants' First Set of Interrogatories.  In his answers, Ortega stated that he sought past and future damages for: (1) loss of profit sharing, (2) loss of interest money, (3) loss of retirement, (4) lost wages, (5) loss of earning capacity, (6) lost benefits, (7) inconvenience, (8) mental anguish, (9) mental pain and suffering, (10) loss of enjoyment of life, (11) loss of self-esteem, (12) punitive damages, and (13) $19,000[3] for the difference in his salary at his new job and his salary at Foleys.  In addition, also on September 8, Ortega served supplemental responses on the defendants in which Ortega indicated that he was also seeking economic damages for the five weeks in which he was unemployed and attorney's fees in excess of $30,000.[4]

---

[2]Although the discovery responses indicate that they were served on September 1, the defendant claims that they were not actually served until September 8.   Thus, the Court will use September 8 as the date of service. (Defs.' Memo. in Opposition to Motion to Remand at 4.)

[3]Although Ortega, in his response, incorrectly stated that the amount he sought for the difference in his current salary and his past salary was $15,000, it is obvious that he meant $19,000 as $63,000 minus $44,000 equals $19,000.

[4]With respect to attorneys' fees, Ortega indicated that one of his attorneys charged $400 per hour and would spend approximately 15 hours of time on this suit and that his other attorney charged $250 per hour and would spend approximately 100 hours of time on this suit.   Consequently, at this point, Ortega was seeking over $30,000 in attorneys' fees.  (($400 x 15) + ($250 x 100) = $31,000.)

Thereafter, on September 22, Ortega served a supplemental discovery response on the defendants that specifically stated that Ortega sought compensatory damages for past and future mental anguish, loss of enjoyment of life, mental pain and suffering, and punitive damages in the amount of $250,000.

On October 13, 2004, the defendants removed the case to this Court, claiming that the Court had diversity jurisdiction to hear the case because defendant Elsbree had been fraudulently joined. (Defs.' Notice of Removal at 2.)  In his motion to remand, Ortega claims that the case should be remanded because: (1) Elsbree was not fraudulently joined, and, consequently, the Court does not have jurisdiction to hear the case, and 2) the defendants did not timely remove the case to this Court.  (Pl's. Mot. for Remand at 2.)

## II. ANALYSIS

The initial issue before the Court is whether the defendants timely filed their notice of removal.  The time constraints for removal are set forth in 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order

3

or **other paper from which it may first be ascertained that the case is one which is or has become removable** . . . .

28 U.S.C.A. § 1446(b) (West 2003) (emphasis added). With respect to triggering commencement of the removal period after the initial pleading is filed, the information supporting removal in the "other paper" must be "unequivocally clear and certain" to start the time limit running. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). Discovery responses, formal or informal communications between attorneys, and statements made in court can be "other paper" that start the thirty-day removal period. *See, e.g., Stiles v. Barnes Group, Inc.*, No. 3:01-CV-2750-H, 2002 WL 1298734, at *3 fn.4 (N.D. Tex. June 11, 2002); *Hines v. AC and S, Inc.*, 128 F. Supp. 2d 1003, 1006 (N.D. Tex. 2001); *Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 978 (S.D. Miss. 2000); *Leboeuf v. Texaco*, 9 F. Supp. 2d 661, 665 (E.D. La. 1998) (stating that interrogatory responses constitute "other paper" commencing thirty-day removal period).

Ortega argues that the defendants' October 13, 2004, notice of removal was not timely because the defendants had notice by September 8, 2004, at the very latest, that the case was removable based on diversity jurisdiction.[5] However, the defendants contend that, until they received Ortega's supplemental discovery responses on September 22, they were unable to ascertain that the amount in controversy exceeded $75,000, and, consequently, that the case was removable.

---

[5]Removal on the basis of diversity of citizenship is proper where the case involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C.A. § 1332(a) (West 2003).

After reviewing the parties' arguments, the evidence, and the relevant case law, the Court concludes that the defendants did not timely remove this case.  Even assuming that it was not facially apparent from Ortega's original petition that the amount in controversy exceeded $75,000, the defendants received "other paper" from which they should have ascertained that the case was removable on September 8, 2004, when Ortega filed his initial and supplemental discovery responses that set out a lengthy laundry list of the damages that he sought as well specific claims for $19,000 in lost wages and over $30,000 in attorneys' fees.  *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).[6]

Because the defendants failed to file their notice of removal until October 13, 2004, over thirty days from the date that the defendants should have ascertained that the amount in controversy exceeded $75,000, the defendants did not timely remove the cause to this Court.  Thus, this case must be remanded to state court.[7]

_____

[6]In *White v. FCI USA, Inc.*, 319 F.3d 672, 675, (5th Cir. 2003), the United States Court of Appeals for the Fifth Circuit, in analyzing whether the amount-in-controversy requirement was met when the defendant removed the case, affirmed the district court's findings that "it was 'more probable than not' that the lengthy list of compensatory and punitive damages sought . . . when combined with attorney's fees, would exceed $75,000." In this case, the plaintiff brought suit against her former employer for wrongful termination.  In the complaint, the plaintiff sought monetary relief for punitive damages, attorney's fees, pre-judgment interest, court costs, and compensatory damages for lost pay, lost fringe benefits, front pay, loss of wage earning capacity, harm to her credit and credit reputation, mental anguish and emotional distress.  The district court denied the plaintiff's motion to remand and granted summary judgment to the defendant.  The plaintiff appealed and the Fifth Circuit affirmed the district court's decision denying the plaintiff's motion to remand.

[7]Because the Court concludes that the defendants' removal was not timely, it will not address the issue of fraudulent joinder.

5

III. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's Motion To Remand is GRANTED.  The above-styled and numbered cause is REMANDED in its entirety to the 67th Judicial District Court, Tarrant County, Texas, cause no. 067-204928-04.

SIGNED May 2, 2005.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/kll